IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE WATERPROOFING & EPOXY FLOORING,<br><br>Defendant. | Case No. 24-cv-08468-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT; VACATING HEARING** |

Before the Court is plaintiffs'[1] Motion, filed March 11, 2025, "for Entry of Default Judgment." Defendant Elite Waterproofing & Epoxy Flooring ("Elite"), although served with the motion, has not filed a response.[2] Having read and considered the papers filed in support of the motion, the Court finds the matter appropriate for determination thereon, VACATES the hearing scheduled for April 25, 2025, and rules as follows.

The allegations in a complaint other than those relating to the amount of damages are, upon entry of default, "taken as true." See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977). Here, the Clerk of Court, on February 14, 2025, entered the default of defendant Elite. (See Doc. No. 16.) Accordingly, Elite is deemed to have

---

[1] Plaintiffs are the Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund, Pacific Coast Roofers Pension Plan, East Bay/North Bay Roofers Vacation Trust Fund, Bay Area Counties Roofing Industry Promotion Fund, and Bay Area Counties Roofing Industry Apprenticeship Training Fund, as well as Carlos Opfermann, a Trustee of the funds.

[2] Under the Local Rules of this District, any opposition to a motion is due "not more than 14 days after the motion was filed." See Civil L.R. 7-3(a).

1   admitted the following factual allegations set forth in the Complaint:  (1) plaintiffs are the
2   Board of Trustees of five "Trust Funds" and a Trustee of those funds, all of which funds
3   are "employee benefit plan[s]" (see Compl. ¶¶ 10, 12); (2) Elite is an employer that is a
4   party to a collective bargaining agreement titled "Working Agreement" (hereinafter, "the
5   CBA"), as well as a party to a "Trust Agreement," under which agreements Elite is
6   required to "make contributions" to the Trust Funds on behalf of "certain of [Elite's]
7   employees" (see Compl. ¶¶ 10, 16, 20; see also Compl. Ex. A (CBA), Art. XVIII-XXII, Ex.
8   B (Individual Employer Agreement), and Ex. C (Trust Agreement) ¶ III); (3) under the
9   Trust Agreement, plaintiffs are authorized "to request and review a broad range of
10  business records to determine whether an employer has satisfied all obligations to the
11  Trust Funds" (see Compl. ¶ 20; see also Ex. 3 ¶¶ III.D); (4) on or about October 2, 2023,
12  plaintiffs' auditor notified Elite that "the Trust Funds would be conducting an audit of Elite
13  for the period of January 1, 2022, through December 31, 2022," and requested "six
14  categories of documents," but Elite "never produced any documents to the auditor" (see
15  Compl. ¶ 21); (5) thereafter, on various dates beginning in April 2024, plaintiffs' counsel
16  made written and telephonic demands that Elite produce the requested documents, but
17  Elite did not do so, and had not done so as of November 26, 2024, the date on which
18  plaintiffs filed the instant action (see Compl. ¶¶ 22-24).

19       By the instant motion, plaintiffs seek judgment in their favor in the form of an
20  injunction requiring Elite to produce the requested documents, an order awarding
21  plaintiffs any outstanding contributions found due as a result of the audit, along with
22  liquidated damages plus interest, in amounts to be determined according to proof, and,
23  lastly, an award of reasonable attorney's fees and costs.

24       For the reasons stated by plaintiffs (see Pls.' Mot. at 5:19-8:20), each of the factors
25  set forth in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), to the extent relevant
26  //
27
28

to the above-titled action,[3] weigh in favor of granting plaintiffs' motion. Accordingly, the Court next considers the relief plaintiffs seek.

First, the Court finds entry of an injunction requiring Elite to produce the requested documents is appropriate. As discussed above, Elite is required by the terms of the Trust Agreement to produce records requested by plaintiffs for purposes of conducting an audit, and, as of the date the instant motion was filed, Elite has continued to refuse to produce any of the documentation the auditor requested in October 2023. (See Fan Decl. [Doc. No. 17-1] ¶ 6.)

Next, as to an award of any outstanding contributions the auditor might determine are due and owing, as well as any liquidated damages and interest, the Court sets forth below a procedure by which plaintiffs may seek such relief upon conclusion of the audit.

Lastly, the Court finds the amount of attorney's fees sought, $5,824 (see id. ¶¶ 8-11, Ex. A), to be reasonable, as well as the amount of costs sought, namely, the $405 filing fee (see id. ¶ 12).

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for default judgment is hereby GRANTED, as follows:

1. Elite is hereby ORDERED to submit to an audit on no less than two weeks written notice from plaintiffs, at which time Elite shall make available to the auditor, for the period January 1, 2022, through December 31, 2022, the six categories of documents identified in the letter the auditor previously provided to Elite on or about October 2, 2023.

2. Pursuant to plaintiffs' request for a potential award of monetary relief in amounts to be determined according to proof, plaintiffs may, if warranted by the results of the audit, file with the Clerk and serve on Elite, no later than six months from the date of this order, a declaration or declarations, supported by appropriate documentation, in

---

[3] In Eitel, the defendant had appeared, by filing an answer and counterclaim after entry of default, had "disputed material facts in the pleadings," and had failed to timely appear due to "excusable neglect," see id., circumstances absent in the instant case.

which plaintiffs set forth an itemization and calculation of any claim for unpaid contributions, liquidated damages, and interest. No later than three weeks after the service of any such declaration(s), Elite may file a response thereto, as of which date, unless the parties are otherwise advised, the Court will take the matter under submission.

3. Plaintiffs are awarded attorney's fees in the amount of $5,824 and costs in the amount of $405, for a total sum of $6,229.

4. The Court will retain jurisdiction over the instant action for purposes of enforcing the instant order and amending the judgment to include, following the audit, the sums, if any, determined by the Court to be due and owing.

The Clerk is hereby DIRECTED to enter judgment in favor of plaintiffs and against Elite in accordance with the above.

**IT IS SO ORDERED.**

Dated: April 10, 2025

MAXINE M. CHESNEY
United States District Judge